State v. Bowe.

———————◆———————

## STATE OF MAINE *vs.* WILLIAM H. BOWE.

*Testimony—waiver of objections to. Confession. Marriage—proof of.*

Objections to the admission of testimony, which is apparently relevant and competent, will be considered as waived unless the ground of objection be specifically set forth when the objection is made.

The record of the committing magistrate, showing that the respondent in a criminal process pleaded guilty to the complaint, is admissible in evidence upon the final trial. Oral testimony in regard to such plea is also admissible.

Testimony of the *particeps criminis* that she was "married two years ago by C. L., at his house;" it not appearing that C. L. professed to be "a justice of the peace or an ordained or licensed minister of the gospel," or that the marriage was "consummated with a full belief on the part of either of the persons married, that they were lawfully married," is not sufficient evidence of a marriage in an indictment for adultery.

ON EXCEPTIONS.

The facts sufficiently appear in the opinion.

*John S. Derby*, for respondent.

I. The record was inadmissible, because:

1. There must be antecedent proof of the identity of the parties and of the examination. 1 Greenl. on Ev. §§ 520, 224; *Com.* v. *French*, Thacher's Crim. Cases, 82; Starkie on Ev. 324 (Sharswood); 2 Russ. on Crimes, 659; *Com.* v. *Briggs*, 5 Pick. 429; 3 Dane's Ab. 338.

Identity of parties must be proved to render even a marriage record admissible. *Reg.* v. *Hawes*, 1 Den. Crim. Cases, 270;

Damon's Case, 6 Maine, 148; Wedgwood's Case, 8 Maine, 75; Ham's Case, 11 Maine, 391; *Com.* v. *Norcross*, 9 Mass. 492; *Root* v. *Fellows*, 6 Cush. 30.

*A fortiori*, of a record which seeks to prove both a marriage and crim. con.

2. Prosecution must show affirmatively that an alleged confession is voluntary and without improper inducement. *Reg.* v. *Warringham*, 2 Den. Crim. Cases, 447; Davis' Crim. Just. 130.

3. A confession must be "full and given all together." 3 Dane's Ab. 336, 338, 340; 1 Greenl. Ev., § 218; *Wailing* v. *Toll*, 9 Johns. 141; Wharton's Crim. Law, 188, and *passim*.

Hence, plea of guilty before justice held inadmissible in *Com.* v. *Steward*, Leach's Cases, 286; *Com.* v. *Bennett*, Leach's Cases, 627. See 3 Dane's Ab. 338.

II. Instructions erroneous.

1. A marriage in fact—not one inferable from circumstances—must be proved. 2 Greenl. Ev., § 49; *State* v. *Hodgskins*, 19 Maine, 155; Damon's Case, 6 Maine, 148; Cayford's Case, 7 Maine, 57.

Only modification of this rule is in the confession of prisoner as to his own marriage, directly, explicitly, deliberately and understandingly made. *State* v. *Hodgskins, supra*; Cayford's Case, *supra*; Ham's Case, *supra*.

A confession must be voluntary and "with a knowledge of the use subsequently to be made of it and adverse results that will ensue from it." Appleton on Ev. 174; See also 1 Phil. on Ev. 118.

The technical plea of guilty before an inferior court and "with a motive and reason" therefor, certainly is not "direct or explicit" acknowledgment of a legal marriage; and the subsequent plea of not guilty and assertion of innocence clearly shows that it was not " understandingly made," and "with a knowledge of adverse results that would ensue."

2. Hannah A. Littlefield's testimony insufficient. *State* v. *Hodgskins, supra.*

Instructions, that it was competent for jury to find " a legal marriage there by this testimony given by this woman, connected with the admission of the defendant that he was guilty of the offense charged in the complaint;" were clearly erroneous as the complaint contained no allegation of her marriage.

*George C. Yeaton*, county attorney, for the State.

I. The record of the examination below, containing his confession of guilt, by deliberate plea of "guilty," was rightly admitted. Rosc. Crim. Ev. 37; Russell's Crimes, 824; Whar. Am. Crim. Law, 683; Davis' Crim. Just. c. 13; *State* v. *Libby*, 44 Maine, 469.

II. A plea of "guilty" is a solemn admission of every fact legally necessary to be proved to sustain the charge.

The marriage of Bowe was one such fact, which his plea thus admitted.

This marriage was also alleged in the indictment, and proof of this marriage only sufficient in law to sustain the conviction.

His confession being competent evidence of this, of course, its weight and conclusiveness was solely for the jury. R. S., c. 124, § 1; *Commonwealth* v. *Reardon*, 6 Cush. 78, 80.

Hence, this conviction should be sustained without regard to the requested ruling as to the marriage of Hannah A. Littlefield.

III. But the marriage of Hannah A. Littlefield was sufficiently proved. No evidence of the authority of Charles Littlefield to solemnize marriages, other than that being a citizen of this State, he assumed to possess and exercise such authority; and the parties believed that he had it.

1. Upon principle. 1 Bish. Mar. and Div. 495, 496.

"No other proof need in the first instance be produced." *State* v. *Libby*, 44 Maine, 469.

There is a *double* presumption in favor of the authority of the magistrate. (*a*) Personal innocence. (*b*) Official qualification. *Pratt* v. *Pierce*, 36 Maine, 454.

The evidence of Hannah A. Littlefield sufficiently proved "the fact" of marriage.

2. R. S., c. 59, § 17, obviates the necessity, if any otherwise existed, of any evidence of official character of Charles Littlefield.

IV. The instructions, if erroneous, were .too favorable to the respondent.

BARROWS, J.   Bowe was charged with the commission of adultery at Saco on the 1st day of August, 1872, with Hannah A. Littlefield.   The indictment alleged a lawful marriage both on his own part and on that of his paramour, respectively, to other living parties.

The only direct proof adduced at the trial of the marriage of either, was in the testimony of Hannah A. Littlefield, as follows: " I was married to Seth Littlefield two years ago by Charles Littlefield, at his house in Saco.   I have not seen my husband since I married him."   Bowe pleaded guilty on the 19th of May, 1873, upon his examination before the municipal court at Saco, upon a complaint charging him with the commission of adultery with one Hannah Littlefield, at Saco, August 1, 1872, and containing an allegation of his own marriage, but no allegation of the marriage of Hannah Littlefield.   He was thereupon bound over to the term of this court at which this indictment was found and tried.

He complains now that the record of the municipal court exhibiting his confession of guilt was admitted in evidence against his objection.   The chief objection, which is now for the first time specified, is that there was no antecedent proof of the identity of the parties and the case.

Had such a suggestion been made when the objection was interposed at the trial, it could have been instantly obviated, and the requisite proof of identity which appears abundantly even in these exceptions, would have been made before the record was introduced. The complaint is an idle one.   The defendant suffered no wrong by the introduction of the record, which did in fact relate to him and to this case, or by reason of the deficiency of merely formal proof of an identity which the defendant knew he could not successfully dispute, and as to which he was, therefore, prudently silent.

Not having disclosed the character and ground of his objection at the time when, if it had any substance, he should have done so, he cannot be permitted to lie in wait with it as a cause for new trial. Honest dealing with the court and the opposite party in any case, civil or criminal, requires that when an objection is made to a piece of testimony apparently relevant and competent upon any ground which is capable of being covered by proof of that which, so long as it is undisputed, might be readily taken for granted, the objection should be specifically set forth, so that it may not only be brought to the notice of the presiding judge, but be met by the opposite party. Unless it is thus specified it is justly considered as waived. Having no foundation in fact, this objection is totally devoid of merit. Had the defendant no better cause of complaint his exceptions would be overruled.

It will not be presumed without evidence or suggestion to that effect, that the confession in the court below was procured by threats or promises. On the contrary, under such circumstances the presumption would be that no improper inducement was held out.

The magistrate, taking the examination of a person charged with crime, is required by statute to certify and return it together with the recognizances of the witnesses to the court at which the accused is to appear. R. S., c. 133, § 17.

The reason of this requirement which is in conformity with the New England practice from time immemorial is found in Davis' Criminal Justice, c. XIII, p. 224 of Heard's ed. as follows : " The record or order of the justice is generally of no use except in cases where the defendant has made a voluntary confession of the crime charged upon him, and a record of such confession is duly made by the justice. Such a confession may be given in evidence against the culprit either before the grand jury or on his trial."

" The record of the examination before a justice is evidence on the trial of the prisoner, even if it show no confession, but only refusals to answer." Roscoe's Criminal Evidence, Note to p. 37, citing *People* v. *Banker*, 2 Parker's Crim. Rep. 26.

In some of the cases touching the admissibility of confessions made by prisoners at their examinations before magistrates, the question has been whether any evidence of such confessions aside from the magistrates record could be allowed.   With us the practice has constantly been to admit both the record and oral evidence. To this there seems no objection in principle.   What is there said by the prisoner does not constitute a plenary judicial confession because not made before a court competent to try the case.   Hence it is not conclusive upon him, as such a plea in this court would be, unless for cause shown he had leave to withdraw it.   But, disregarding his plea before the magistrate, he has the right to plead anew in the court having jurisdiction to determine the cause, and his former confession is simply regarded as evidence for the consideration of the jury.

Doubtless the simple record of a plea of guilty before the magistrate, especially when it includes the admission of independent facts necessary to constitute the offense charged, would have less probative force than a detailed statement by the prisoner of the facts themselves.   Justice requires that oral evidence also should be admitted either to complete or, if it so tends, to limit the effect of the plea, and then the jury are to pass upon the whole as they do upon any other piece of evidence.

But here the jury were told that they might consider the fact of the plea to the complaint in the court below, to supplement the proof offered to establish a legal marriage on the part of Hannah A. Littlefield.   Doubtless the presiding judge assumed that inasmuch as the marriage of the woman was alleged in the indictment, it was alleged in the complaint also.   But it was not, and the defendant's plea of guilty to the complaint afforded no evidence whatever of an existing legal marriage ·on the part of the woman, Littlefield.

.. It was error in the judge to tell the jury that they might consider it as evidence upon that point.   The exception to this misuse of the record is well taken.

It is no answer to this complaint to say that the confession in the

State *v.* Bowe.

court below covered the whole offense, and included all the essential points in the proof. It was not with a view to this inquiry that the jury were instructed to regard it. The course of evidence at the trial and the instruction given by the judge, indicate that the government relied upon proof of the marriage of the woman who was the *particeps.* We cannot certainly know that the jury would have convicted, if they had been instructed to consider whether the plea to the complaint was made so deliberately and with such a due and thorough sense of its meaning and such an understanding of the facts necessary to constitute the crime, as to satisfy them that the defendant was himself a married man, having a lawful wife alive other than the said Hannah Littlefield.

Even if it could be said that the bald and imperfect statement made by the government witness, as to her own alleged marriage, might be accepted as sufficient proof of the fact, it would still remain uncertain how far it was credited by the jury, or how far they based their conclusion upon the supposed admission of the defendant which the instruction authorized them to consider on that point, when in fact it had no tendency to prove it.

But we do not think the few words uttered by Hannah A. Littlefield amount to proof of a legal marriage on her part. It does not even appear that this marriage was solemnized by any one " professing " to be either " a justice of the peace or an ordained or licensed minister of the gospel," or that it was " consummated with a full belief on the part of either of the persons married that they were lawfully married," so as to bring it within the operation of R. S., c. 59, § 17.

In short, the maxim, " *Habes optimum testem, confitentem reum,*" seems to have induced an amount of carelessness on the part, both of the prosecuting officer and the presiding judge, in the preparation and trial of the case, which must not be permitted to harden into a precedent.

It is to be hoped that not only ample but exact justice may be done the defendant at the next term.     *Exceptions sustained.*

APPLETON, C. J.; WALTON, DICKERSON, DANFORTH, and VIRGIN, JJ., concurred.